UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 03-42T |
| | : | |
| EEAN JOHNSON | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on October 24, 2005, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Chief Judge Ernest C. Torres. Based upon the following analysis and the admission of the Defendant, **I recommend that the Defendant be committed to the Bureau of Prisons for a term of twenty-four (24) months of incarceration.**

**Background**

On September 19, 2005, the Probation Office petitioned the Court for the issuance of a Warrant for Defendant's arrest. On September 19, 2005, the District Court reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared in Court for an initial

appearance on September 14, 2005. At Defendant's request, the revocation hearing was continued until a later date. On October 24, 2005, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **While on probation, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance.**
>
> On September 9, 2005, Mr. Johnson possessed a Hi-Point Model C 9 millimeter firearm, a Colt AR-15 Model SP 1 assault rifle, a Bryco Jennings Model T-380-CA pistol, various forms of ammunition, as well as 7.4 grams of marihuana[1] as evidenced by his arrest on that date.
>
> **The defendant shall perform 20 hours of community service as directed by the probation officer.**
>
> During July 2005 and August 2005, Mr. Johnson failed to complete community service as directed by United States Probation Officer David S. Borrelli on February 17, 2005, March 9, 2005, March 16, 2005, and August 8, 2005.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

---

[1] Although Defendant admitted to the violation, he did not admit to the factual allegation that he possessed marihuana on that date. The Government indicated that Defendant has not been charged independent of this matter with possession of marihuana and it had no objection to this Court accepting Defendant's admission with the exception of his denial of marihuana possession.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for

violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed a Grade A violation. Therefore, the Court shall revoke supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant

has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. Neither of these provisions apply to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant originally was sentenced. In this instance, Defendant had a criminal history category of IV at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed a Grade A violation and has a Criminal History Category of IV. Therefore, the applicable range of imprisonment for this violation is twenty-four to thirty months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant was previously convicted in 2003 of being a felon in possession of a firearm and was sentenced to a two-year term of imprisonment to be followed by a three-year term of supervised release with special conditions. Defendant completed his term of incarceration and his period of supervision commenced on February 13, 2005.

It did not take Defendant long to revert to criminal behavior. Less than six months after his release, law enforcement authorities received information that Defendant was engaging in drug dealing activities. Defendant was surveilled, and a search warrant was ultimately issued for Defendant's vehicle. A search of the vehicle by the Providence Police yielded the seizure of three loaded firearms, including an assault rifle, and a significant amount of ammunition. The police also seized two black ski masks and a pair of gloves which the Government argues evidences a possible plan to conduct an armed robbery.

The Government argued that the seriousness of this offense warrants a maximum two-year term of imprisonment. Defendant reserved argument until the time of his final sentencing. Based on the seriousness of the violation and the potential danger to the community, this Court recommends that the District Court impose the two-year maximum. Unfortunately, Defendant's initial conviction in this Court and resulting sentence had no deterrent effect. Defendant promptly

reverted to serious criminal behavior after his release from prison. Thus, a maximum sentence is warranted to protect the community and to deter future criminal behavior by this Defendant.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that the Defendant be committed to the Bureau of Prisons for a term of twenty-four (24) months of incarceration.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2005